UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,        Case No. 2:12-cv-24

v.        Honorable R. Allan Edgar

UNKNOWN VIOLETTA et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Michael Gresham, a prisoner incarcerated at Marquette Branch Prison, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d

1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in this Court, having filed thirty civil actions. The Court has dismissed more than three of Plaintiff's actions for failure to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146

(W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). In addition, the Court previously has denied Plaintiff leave to proceed *in forma pauperis* because he has three strikes. S*ee Gresham v. LaChance et al.*, 2:11-cv-231 (W.D. Mich. Aug. 12, 2011); *Gresham v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. June 9, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

This is the sixth case filed by Plaintiff this month in which he seeks to invoke the statutory exception for a prisoner who is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The Sixth Circuit has recognized the standard previously adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception).

In the instant complaint, Plaintiff alleges that on or about September 1, 2011, he received a food tray containing broken pieces of a razor blade. Plaintiff contends that Defendant Resident Unit Officers Violetta, Lemarche and John Doe intentionally placed the razor blade pieces in

his food in an attempt to kill him. Plaintiff alleges that he ingested a piece of the blade, which caused his mouth to bleed. Plaintiff's allegations that Defendants tried to kill him by putting razor blade fragments in his food are wholly unsupported. Moreover, assuming that Plaintiff found razor blade or other metal fragments in his food on September 1, 2011, assertions of past danger do not satisfy the imminent-danger exception. *Rittner*, 290 F. App'x at 797-98; *Pointer*, 502 F.3d at 371 n.1. Because Plaintiff fails to allege facts establishing that he was under imminent danger of serious physical injury at the time he filed his complaint, he may not proceed *in forma pauperis* under the exception.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:  2/6/2012   /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**